**CAMPBELL SOUP CO. v. WENTZ et al.**

**SAME v. LOJESKI.**

Civ. A. Nos. 8080, 8087.

District Court, E. D. Pennsylvania.

Jan. 28, 1948.

Charles A. Wolfe, of Philadelphia, Pa., for plaintiff.

David B. Zoob, of Philadelphia, Pa., and Elmer L. Menges, of Ambler, Pa., for defendants George B. and Harry T. Wentz.

R. Dilworth and H. D. Paxson, both of Philadelphia, Pa., for defendant Walter M. Lojeski.

BARD, District Judge.

This matter comes before the Court on plaintiff's motion for a preliminary injunction.

Plaintiff filed its complaint alleging that it had a contract with the defendants George B. Wentz and Harry T. Wentz, providing that the defendants would grow carrots of the Chantenay red cored type and harvest and deliver them to the plaintiff. The plaintiff further alleges that defendants Wentz had failed and refused to deliver any of the carrots to the plaintiff, and in their complaint against the defendant Walter M. Lojeski have alleged that Lojeski, with full knowledge of the existence of the contract between plaintiff and the Wentzes, induced the Wentzes to effect a breach of their contract and to sell to Lojeski all or a large part of the carrots, and the complaint further alleges that the Wentzes did in fact deliver to Lojeski certain amounts of the carrots.

Plaintiff alleges that it is without remedy at law and has moved for a preliminary injunction against the Wentzes, praying that they be enjoined and restrained from selling or delivering any of the carrots raised by them to any person other than the plaintiff, and that they be enjoined and commanded to deliver all of the carrots to the plaintiff.

Plaintiff likewise prays that defendant Lojeski be enjoined and restrained from selling or disposing of any of the carrots which Lojeski has obtained from the Wentzes.

I make the following special
Findings of Fact.

1. Campbell Soup Company, the plaintiff in both actions, is a corporation duly organized under the laws of the State of New Jersey, with offices and principal place of business located at Camden, New Jersey.

2. The defendants in the one action are George B. Wentz and Harry T. Wentz, who are farmers engaged in the growing of various products, including carrots, and reside in Upper Dublin Township, Montgomery County, Pennsylvania.

3. The defendant in the other action is Walter M. Lojeski, who is engaged in the purchase and sale of various products, including carrots, and resides at Hatboro, Pennsylvania.

4. The jurisdiction of this Court in each action is based upon diversity of citizenship, and the amount in controversy, exclusive of costs, is in excess of the sum of $3,000.

5. Plaintiff is engaged in the manufacture of Campbell's Soups and other food products.

6. On June 21, 1947 plaintiff entered into a written contract with the defendants George B. Wentz and Harry T. Wentz, wherein the defendants agreed to deliver to the plaintiff all carrots of the Chantenay red cored type to be grown on 15 acres of the defendants' land.

7. The contract provided for payment for the carrots so delivered at rates ranging between $23 and $30 per ton, depending upon the date on which the carrots were delivered to the plaintiff.

8. The defendants George B. Wentz and Harry T. Wentz harvested a total of 200,-000 pounds of carrots from the 15 acres covered by the contract.

9. Several days prior to January 9, 1948, the defendants George B. Wentz and Harry T. Wentz notified a representative of the plaintiff that they would not deliver their carrots to the plaintiff at the price fixed by the contract.

10. During a period of three or four days prior to January 9, 1948, the defendants George B. Wentz and Harry T. Wentz sold approximately 62 tons of their carrots to the defendant Walter M. Lojeski. The Wentzes still have the remainder of the carrots in storage on their farm.

11. The defendant Walter M. Lojeski sold on the open market all of the carrots which he purchased from the Wentzes with the exception of four tons, which he still retains. Of the 58 tons which Lojeski sold on the open market, the plaintiff purchased approximately 25 or 30 tons.

12. The plaintiff refused to purchase any more carrots from Lojeski on the ground that it suspected that these carrots were contract carrots which, it maintains, the Wentzes are obligated to deliver to the plaintiff.

13. Carrots are used as an ingredient in 15 of the 21 soups manufactured by the plaintiff. They are used either for the soup stock, or else they appear in the soup as identifiable physical ingredients.

14. The plaintiff uses carrots of the Chantenay red cored type because they are of uniform color throughout, and because of the fact that their blunt shape lends itself more readily to processing than other types of carrots.

15. Other types of carrots, among them the Danvers carrot, are not uniform in color, the core having a different color than the outside, but possess qualities of flavor and texture which are no different from the Chantenay carrot.

16. The plaintiff has on occasion used other varieties mixed with the Chantenay carrots.

17. Because of adverse growing conditions, the crop of Chantenay carrots produced during the past growing season was approximately one-third below normal expectations.

18. The plaintiff purchased during the past carrot season approximately 5,000,000 pounds of Chantenay carrots under contracts previously entered into between itself and various farmers. It also purchased on the open market approximately 10,000,000 pounds of Chantenay carrots, and approximately 100,000 pounds of Danvers carrots.

19. At the present time it is virtually impossible to obtain Chantenay carrots on the open market.

20. The plaintiff has failed to establish that it is impossible to obtain carrots of other types on the open market.

21. The plaintiff has failed to establish what proportion of its carrot requirements is utilized for the production of soup stock, and what proportion is used as identifiable physical ingredients in its soups.

22. The plaintiff has failed to establish that, from a standpoint of palatability, other carrots are not as desirable for the purposes of producing soup stock as are the Chantenay carrots.

23. Plaintiff has failed to establish with any particularity the difficulties which would be encountered in processing carrots other than those of the blunt shaped type, such as the Chantenay.

24. The plaintiff has failed to establish that the carrots which are the subject of the present suit are, judged by objective standards, unique goods.

25. Plaintiff has failed to establish that it has no adequate remedy at law.

### Discussion.

My findings of fact in this case make it unnecessary for me to consider the defendants' contention that the contract involved in the instant case is invalid and therefore unenforceable.

The carrots which are the subject of the present action are, of course, a perishable commodity; furthermore, there is a possibility that they may become unmarketable within a short period of time. In the event that the plaintiff should take an appeal from my ruling, there is of course the possibility that the Circuit Court of Appeals may hold that my ruling is incorrect, and that the plaintiff is entitled to an injunction compelling the defendants to deliver the carrots to the plaintiff, and restraining them from delivering them to anyone else.

If the temporary restraining orders which I have previously issued in these cases, directed toward the defendants in both suits, were to be vacated forthwith, and the defendants were to dispose of these carrots immediately to some one other than the plaintiff, an appeal by the plaintiff would therefore be rendered moot.

Accordingly, I will deny plaintiff's motion for a preliminary injunction and will vacate the temporary restraining orders previously issued, provided within five days from the filing of this opinion, defendants George B. Wentz and Harry T. Wentz give a bond, with approved surety, in the sum of $5,000, and the defendant Walter M. Lojeski gives a bond, with approved surety, in the sum of $600, to await the final determination of the question of whether or not the plaintiff is entitled to injunctive relief against the defendants; or, if the defendants so elect, by their selling to plaintiff at the present market price the balance of the carrots covered by the contract in suit and now in their hands, the purchase thereof to be made by paying to defendants the price of $30 per ton, and the balance to be paid into the registry of this Court and to be held there until the final determination of the question of whether or not the plaintiff is entitled to injunctive relief against the defendants.

### Conclusions of Law.

1. An order will be entered denying plaintiff's motion for a preliminary injunction and vacating the restraining orders previously issued in these cases, provided within five days from the filing of this opinion, defendants George B. Wentz and Harry T. Wentz give a bond, with approved surety, in the sum of $5,000, and the defendant Walter M. Lojeski gives a bond, with approved surety, in the sum of $600 to await the final determination of the question of whether or not the plaintiff is entitled to injunctive relief against the defendants; or, if the defendants so elect by their selling to plaintiff at the present market price the balance of the carrots covered by the contract in suit and now in their hands, the purchase thereof to be made by paying to defendants the price of $30 per ton, and the balance to be paid into the registry of this Court and to be held there until the final determination of the question of whether or not the plaintiff is entitled to injunctive relief against the defendants.

2. Counsel may submit a form of order in accordance with the foregoing opinion at 12:30 P.M. Thursday, January 29, 1948.